Roxanne **LESMAN**, et al., Plaintiffs,

v.

**RANSBURG CORPORATION**, et al., Defendants.

No. K88–359 CA4.

United States District Court, W.D. Michigan, S.D.

Aug. 7, 1989.

Owen Ramey, Kalamazoo, Mich., James Shek, Allegan, Mich., for plaintiffs.

Bruce Hearey, Nancy A. Shaw, Cleveland, Ohio, W. Scott Szpara and Craig Lubben, Kalamazoo, Mich., for defendants.

## OPINION

ROBERT HOLMES BELL, District Judge.

Defendant employers move for summary judgment on plaintiff employees' claims for severance pay and award of penalties under 29 U.S.C. § 1132(c).

On June 1, 1984, Ransburg Corporation instructed its wholly owned subsidiary, Roto–Finish of Kalamazoo, to institute a severance pay policy. The severance pay policy provided for severance pay when a permanent full-time employee is "laid off due to a reduction in work force of the elimination of specific positions." The policy also enumerates five instances in which no severance pay is paid: voluntary resignation; discharge for unsatisfactory job performance; discharge for embezzlement, theft, improper conduct, insubordination; any leave of absence; or retirement, voluntary or involuntary. The policy further provides that in a transfer situation within the company but out of the division, severance pay is the responsibility of the transferee division, unless the transferee is laid off within 90 days. Also, if a laid off employee refuses to accept a similar position and compensation with the company, then the separation is considered a resignation and severance pay is not available. But if a laid off employee is offered a position not comparable in compensation or responsibility, then the separation is considered a layoff and the employee is entitled to severance pay. The policy did not contemplate a sale of assets situation.

On January 15, 1988, defendant Roto–Finish of Kalamazoo ("RFK"), a wholly owned subsidiary of the Ransburg Corporation, sold its business assets to Hammond Machinery Company. The new business entity began operation as Roto–Finish Company, Inc. ("RFC"). With the sale of the company each of the 17 plaintiff employees was no longer employed by RFK. Within one or two weeks each of the 17 plaintiff employees started work for RFC at essentially the same compensation and level of responsibility. However, certain employee benefits differed, notably RFC did not offer severance benefits, employer paid pension, vacation, 401 K accounts, or ESOPs. The Ransburg–Hammond asset transaction did not allocate responsibility for severance pay. However, Hammand did secure the right to interview RFK personnel for continued employment at the plant.

Plaintiffs brought a four count complaint: Counts 1 and 2 allege breach of an implied warranty, Count 3 alleges breach of fiduciary duty under § 404(a)(1) of ERISA, and Count 4 alleges failure to comply with the disclosure provisions of § 405 of ERISA. Both plaintiffs and defendants agree that counts 1 and 2 are preempted by ERISA. This Court concurs.

A new standard of *de novo* review exists for ERISA benefits claims under 29 U.S.C. § 1132(a)(1)(B) where the benefit plan does not expressly grant the administrator or

the fiduciary discretionary authority to interpret the plan or determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch,* —— U.S. ——, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The *Firestone* standard applies to this plan because it does not grant to the plan administrator or fiduciary discretionary authority to interpret the plan or determine eligibility for benefits. Under *Firestone* courts construe the terms of employee benefit plans according to ordinary principles of contract law, "by looking to the terms of the plan and other manifestations of the parties' intent," *Firestone,* —— U.S. at ——, 109 S.Ct. at 955, 103 L.Ed.2d at 94, without deferring to either party's interpretation of those terms.

This case presents two issues. First, whether the plaintiff employees are entitled to severance pay under the terms of the severance pay policy. Second, whether defendants' failure to comply with ERISA's disclosure requirements entitles plaintiffs to recovery.

*Severance Pay*

■ The terms of the plan specifies several situations where severance pay is available and where it is not. The contract provides in section A.1. that: "Severance pay will apply when a permanent, full-time employee is laid off due to a reduction in work force or the elimination of a specific position(s)." Thus, plaintiffs have an affirmative right to severance pay if they are laid off in a reduction in force or elimination of a specific position. No other contract provision affirmatively provides for severance pay, except where an employee subject to layoff is offered a position not comparable in compensation and responsibility to the employee's present position.

The plaintiffs' right to severance pay depends on whether their termination of employment due to the sale of a business constitutes a lay off under the terms of a severance pay policy. Under the plan terms benefits are payable for a lay off due to reduction in force or elimination of a specific position. Both of these situations contemplate the employing company to be an ongoing enterprise. The *elimination* of the *entire* work force due to the sale of a business is clearly not the same thing as a mere "reduction in work force," which clearly assumes the continuation of some part of the work force. Also the elimination of *all* positions due to a sale of the business is not the same thing as the elimination of a "specific position," which clearly assumes the retention of other positions. The sale of a business is qualitatively different from a reduction in force or elimination of a specific position. The severance pay plan simply did not contemplate the effect of a sale of the business on the availability of severance pay. Since the terms of the severance pay plan did not address this issue, this Court will not supply an additional term to resolve this dispute. It is an undefined area in which no contractual right to severance pay exists.

If the terms of the plan were different and provided severance pay generally upon "unemployment," or "termination," or "layoff" without specifying the particular conditions of "reduction in work force" or "elimination of a specific position" this analysis probably would be different. However, the disputed plan does specify conditions under which severance pay is available and where it is not available. The sale of the business is not specified as a condition under which severance pay is available. Further, the sale of the business is qualitatively different from the conditions, reduction in work force and elimination of a specific position, under which severance is available.

*ERISA Violations*

■ Plaintiffs allege that RFK failed to comply with ERISA notice and disclosure requirements in 29 U.S.C. § 1133 and further claim that they are entitled to damages under 29 U.S.C. § 1132(c). Defendants admit that they did not comply with the ERISA requirements in 29 U.S.C. § 1133. No dispute exists as to defendants' violation. However, even where ERISA violations are undisputed damages are not automatically awarded.

Under 29 U.S.C. § 1132(c) a plan administrator may be personally liable to a plaintiff up to a $100 a day from the date of an administrator's failure or refusal to comply

**622**

with a request for any information that an administrator is required by ERISA to provide. Determination of liability and amount of liability is in the court's discretion. The statutory award under 29 U.S.C. § 1132(c) is punitive and designed to induce or compel disclosure of information required by ERISA. *Porcellini v. Strasshein Printing Co. Inc.*, 578 F.Supp. 605 (E.D.Pa.1983). Although, prejudice is not a prerequisite for the imposition of nondisclosure penalties under 29 U.S.C. § 1132(c) courts properly may consider detrimental reliance or prejudice before imposing penalties under 29 U.S.C. § 1132(c). *Garavuso v. Shoe Corporations of America Inc.*, 709 F.Supp. 1423, 1430 (S.D.Ohio 1989); *Aquin v. Bendix Corp.*, 637 F.Supp. 657, 664–665 (E.D.Mich.1986). This Court does not condone the plan administrator's admitted failure to comply with 29 U.S.C. § 1133. Nevertheless, in the present case the plaintiff employees have failed to demonstrate any detrimental reliance or prejudice in obtaining severance pay benefits which they suffered due to the plan administrator's failure to comply with the procedural requirements of 29 U.S.C. § 1133. In the absence of any such detrimental reliance or prejudice and considering this Court's determination that plaintiffs are not entitled to any severance pay, this Court, in the exercise of its discretion, decides not to penalize the plan administrator under 29 U.S.C. § 1132(c).

### CONCLUSION

This Court grants defendants' motion for summary judgment against plaintiffs on all four counts of their complaint for severance pay and award of penalties against defendants. Accordingly, this Court dismisses all four counts of plaintiffs' complaint.